## Board Council City of Frankfort v. Kirby.

(Decided January 9, 1914).

### Appeal from Franklin Circuit Court.

1. Personal Injuries—Action Against City for—Negligence.—Where a stone step in a city is permitted to become loose, and tipped when stepped upon so as to throw a pedestrian and injure him, the city is liable; and it matters not whether the negligence consisted of some inherent defect of construction, or in failure to keep the step in proper repair.

2. Personal Injuries—Evidence.—Evidence by the injured person that he thought for two weeks he was going to die, was not prejudicial inasmuch as the physician in attendance testified in substance the same.

3. Personal Injuries—Evidence.—Evidence by an inexperienced witness who had not examined the injured person that he seemed to be suffering a great deal and that witness thought he was in a dangerous condition, was improper; but was not prejudicial in this case because the physicians gave in substance the same testimony.

4. Verdict—When Verdict for $3,500.00 Not Excessive.—A verdict of $3,500 is not excessive where the injured person is 58 years of age, earning $2.00 per day, and who suffered greatly, and whose injury probably completely destroyed his earning power.

SCOTT & HAMILTON and F. M. DAILY for appellant.

O'REAR & WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellee against appellant for personal injuries alleged to have been received by him as a result of appellant's failure to keep in proper repair certain stone steps leading down a steep passage-way from East Main street to East Broadway in Frankfort.

The trial in the lower court resulted in a verdict of $3,500 for appellee and this appeal results.

Many questions were made in the lower court; but in this court they were all expressly waived except two: (1) Should appellant's motion for a peremptory instruction have prevailed, and (2) was certain evidence offered by plaintiff properly permitted to go to the jury?

At the time of the accident appellee was alone, and there was no other eye-witness. His testimony is that in going down these steep stone steps he stepped upon one of them which was loose, and that it tilted slightly when

his weight went upon it, which threw him violently against the stone steps whereby he was injured in his left side, in his stomach, and his head; that he remained in bed fourteen or fifteen weeks and had never been able to do any work since.

Several other witnesses testified that the stone step referred to was loose, that there was a triangular block that had been broken out of this step or the one next to it, and two or three witnesses besides appellee stated that they had received falls at that place.

Several physicians testified that appellee was permanently injured, that he had not been able to do any manual labor since the accident and probably never would be; that as a result of the injury he had a chronic pleurisy in his left side brought about by the adherence of the pleura to the lung and floating rib.

It is the contention of appellant that it was entitled to a peremptory instruction because the testimony failed to show that the step shown to have been loose was the one that produced the injury; but in this counsel is mistaken. Appellee distinctly states in his cross-examination that it was the second step of the Western set of steps that tilted with him, and the other witnesses identify that step as the one that was loose. It is immaterial for the purposes of this case whether the negligence consisted of some inherent defect of construction or whether it was failure to keep the steps in proper repair; the salient fact is that it was loose, that it tilted and caused his injury. The motion for a peremptory instruction was properly overruled.

It is also argued that the testimony by appellee, himself, that he thought he was going to die for about two weeks was highly improper and prejudicial; without considering the importance of this testimony it is sufficient to say that it could not have been prejudicial for the reason that appellee's physicians testified in substance to the same thing. It is further alleged that the testimony by one of the witnesses to the effect that when he went to see appellee he seemd to be suffering a great deal, and that he thought he was in a dangerous condition, was erroneous and prejudicial; but for the same reason above given this testimony cannot be prejudicial, although we are constrained to say that it is not proper to permit such evidence to go to the jury from witnesses of inexperience who have not examined the injured person, there being no sufficient basis for their opinion.

It is suggested, but not urged, that the verdict is excessive; at the time of the injury appellee was 58 years of age, in good health, and earning $2.00 per day, but not regularly employed. That he was permanently injured and that he suffered greatly there seems no doubt from the testimony, and it is altogether probable that his earning capacity for the rest of his life has been completely destroyed.

Judgment affirmed.